■ CHARLES TAMBASCIO et al., Respondents v. ANTONIO GIOFFRE et al., Defendants, and E. J. KORVETTE, INC., Appellant.— Order of the Supreme Court, Westchester County, dated November 18, 1966, which granted plaintiffs' motion to dismiss defendant E. J. Korvette, Inc.'s defense asserting workmen's

compensation as plaintiffs' exclusive remedy as to the first and fourth causes of action, reversed, with $10 costs and disbursements, and motion denied, without costs. Plaintiff Margaret Tambascio, an employee of defendant Korvette, sues in negligence to recover damages for personal injuries sustained by her when an automobile driven by her husband, in which she was a passenger, collided with another automobile driven by defendant Gioffre (first cause). The husband *inter alia* is seeking to recover damages for loss of society, etc., (fourth cause). Neither the husband nor defendant Gioffre was a Korvette employee. The collision occurred in a parking lot used by the general public patronizing the stores in the shopping center in which Korvette's store is located, as well as by Korvette's employees; it occurred after Mrs. Tambascio had finished her work in Korvette's store, had checked out, had left the store building and had entered her husband's car to be driven home. *Inter alia*, the complaint alleged that defendant Korvette improperly designed and maintained the parking lot. Korvette's answer pleaded as a defense that workmen's compensation was plaintiff's exclusive remedy against Korvette upon the first and fourth causes. On plaintiff's motion under CPLR 3211 (subd. [b]), Special Term struck out that defense. In our opinion this was error. Determination of the question whether Mrs. Tambascio was or was not in the course of her employment at the time of the accident should not have been made on the sparse record before us, but should instead have been deferred for a full development of the facts at trial (cf. *Matter of Rosenwasser v. Lanes, Lake Success*, 9 A D 2d 1001; *Matter of Berry v. B. Gertz, Inc.*, 21 A D 2d 708; *Matter of Evans v. J. W. Mays, Inc.*, 25 A D 2d 597, mot. for lv. to app. den. 17 N Y 2d 423). Hence, the defense should not have been dismissed. Ughetta, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.